Plaintiff in error was plaintiff below, and alleged in substance that she was a passenger; that the car was provided with a bar or handle reaching from the door to the edge of the car, at the rear end, to aid' passengers in getting on or offjthat in attempting to alight from the car plaintiff, relying on the aid of such bar, attempted to take hold of the same, but by reason of defendant’s negligence said bar was out of repair and so obstructed that plaintiff could not grasp the same, and because of her inability to grasp the same she lost her balance and was thrown, suffering the injuries complained of. The answer denied negligence and set up contributory negligence.
At the conclusion of plaintiff’s evidence, on motion of defendant, the court arrested the case from the jury and directed a verdict for defendant, to all of which plaintiff duly excepted. This action of the court is assigned as error.
The record shows that there was evidence tending to show that a garment or some obstruction had been placed on the hand *565 rail'which was furnished to assist passengers in getting on and off the car; that plaintiff in attempting to alight, endeavored to grasp the hand-rail, missed her hold because, as she claims, of the obstruction; that she lost her balance on such account and fell, sustaining injury.
We think with reference to an obstruction of the character complained of (there being no proof that it was placed on the hand-rail by the defendant company or its servants), it can not be said that defendant company failed to exercise the high degree of care it owes a passenger .in the act of alighting, unless it appears that defendant company had actual knowledge of the obstruction and failed to remove it, or had reasonable time and opportunity to discover and remove the obstruction and failed to do so. P., C., C. & St. L. v. Rose, 79 N. E., 1094 (1907).
Now, the record fails to show any proof of actual knowledge on the part of the company, or its servants, of the obstruction in question. Consequently it became a question as to ydiether the defendant company, or its servant in charge of the car, namely, the conductor, had reasonable time and opportunity to discover and remove the obstruction. Could the court, under the state of the evidence, determine this question as matter of law? At page 16 of the record, plaintiff was asked:
‘ ‘ Q. What was the position of the conductor at the time you left the car ? A. He had his hand on the bell-rope.
‘ ‘ Q. Where was he standing ? A. Right in front of the door. He just backed a little, enough for me to pass through.”
And this is substantially reiterated on cross-examination.
This is all that was said with reference to the conductor’s position or location at the time, and from which any knowledge on the conductor’s part could be deduced. This testimony, it must be conceded, creates some doribt as to whether the conductor was standing within the car in “front” of the door at the time referred to, or whether he was standing on the rear platform in “front” of the door and facing the hand-rail complained of. Manifestly if the conductor was inside of the ear, he could not be said, under the evidence in this case, to have had-time and opportunity to discover the obstruction. But if he was *566 •on the platform, facing ’the cloor and the hand-rail, then the least that could be said of the evidence is that it tended, even though slightly, to establish plaintiff’s contention that he did have the time and opportunity to discover the obstruction. While the testimony may be said to be slight, nevertheless, under decisions in this state, on a motion to direct a verdict for defendant, plaintiff was entitled to have the court adopt the view most favorable to the contention of the plaintiff (Ham, Admr., v. L. S. & M. S. Ry. Co., 23 Cir. Ct., 496), and the weight and sufficiency of the evidence was for the jury. Stockstill v. D. & M. Ry. Co., 24 O. S., 83; Railway Co., v. Murphy, 50 O. S., 137; Dick v. Railroad, 38 O. S., 389, 393.
It was, therefore, the duty of the court below to submit to the jury the question as to whether defendant company had reasonable time and opportunity to discover and remove the obstruction. If it did not have the opportunity and time referred to, there could be no liability. If it had the opportunity and time to discover and remove the obstruction, and nevertheless failed to remove it, and such failure was the proximate- cause of the injury, plaintiff was entitled to recover.
Nor was there anything in the conduct of the plaintiff which, in our judgment, could be said to have raised a presumption of negligence, so as to justify the court in finding her guilty of contributory negligence as matter of law. The question of contributory negligence was also for the jury.
Such being our view of the proceedings, it follows that the action of the trial court was erroneous, and the judgment must accordingly be set aside and a new trial ordered.